Jennifer F. Dease
Attorney for Petitioner
National Labor Relations Board
Region 34
280 Trumbull Street, 21st Floor
Hartford, CT 06103
Telephone:   (860) 240-3376
Facsimile:    (860) 240-3564
region34@nlrb.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER B. HOFFMAN, Regional Director of Region 34 of the National Labor Relations Board, for and on behalf of the **NATIONAL LABOR RELATIONS BOARD**<br><br>Petitioner<br><br>vs.<br><br>**PENNANT FOODS COMPANY, a wholly owned subsidiary of CS BAKERY HOLDING, INC, a wholly owned subsidiary of CHEF SOLUTIONS HOLDINGS, LLC**<br><br>Respondent | CIVIL NO. 308CV00008 JCH <br><br><br>Dated:    January 3, 2008 |

### PETITION FOR INJUNCTION UNDER SECTION 10(j)
### OF THE NATIONAL LABOR RELATIONS ACT, AS AMENDED

To the Honorable, the Judges of the United States District Court for the District of Connecticut:

Peter B. Hoffman, Regional Director of Region 34 of the National Labor Relations Board, herein called the Board, petitions this Court for and on behalf of the Board, pursuant to Section 10(j) of the National Labor Relations Act, as amended [61 Stat. 149;

73 Stat. 544; 29 U.S.C. Sec. 160(j)], herein called the Act, for appropriate injunctive relief pending the final disposition of the matters involved herein pending before the Board on charges alleging that Pennant Foods Company, a wholly owned subsidiary of CS Bakery Holdings, Inc., a wholly owned subsidiary of Chef Solutions Holdings, LLC, herein called Respondent, has engaged in, and is engaging in, acts and conduct in violation of Section 8(a)(1) and (3) [29 U.S.C. Sec. 158(a)(1) and (3)] of the Act.  In support thereof, petitioner respectfully shows:

1. The Petitioner is the Regional Director of Region 34 of the Board, an agency of the United States, and files this petition for and on behalf of the Board.

2. Jurisdiction of this Court is invoked pursuant to Section 10(j) [29 U.S.C. Sec. 160(j)] of the Act.

3. On January 9, 2006, International Union, United Automobile, Aerospace & Agricultural Implement Workers of America, AFL-CIO, herein called the Union, filed a charge in Case No. 34-CA-11385, alleging that Respondent has been engaging in unfair labor practices in violation of Section 8(a)(1) and (3) [29 U.S.C. Sec. 158(a)(1) and (3)] of the Act.  A copy of the charge in Case No. 34-CA-11385 is attached hereto, marked as Exhibit A, and made a part hereof.

4. On February 3, 2006, the Union filed a charge in Case No. 34-CA-11417, which was amended on March 28 and April 28, 2006, alleging that Respondent has been engaging in unfair labor practices in violation of Section 8(a)(1) [29 U.S.C. Sec. 158(a)(1), (3), (4) and (5)] of the Act.  A copy of the charge and the amended charges in Case No. 34-CA-11417 are attached hereto, marked Exhibits B, C and D respectively, and made a part hereof.

5. The aforesaid charges and amended charges were referred to Petitioner in his capacity as Regional Director of Region 34 of the Board.

6. On April 28, 2006, upon the charges and amended charges, the General Counsel of the Board, on behalf of the Board, by the Regional Director of Region 34 of the Board, pursuant to Section 10(b) [29 U.S.C. Sec. 160(b)] of the Act, issued an Order Consolidating Cases, Consolidated Complaint and Notice of Hearing against Respondent alleging that Respondent has engaged in, and is engaging in, unfair labor practices in violation of Sections 8(a)(1) and (3) [29 U.S.C. Sec. 158(a)(1) and (3)] of the Act. A copy of the Order Consolidating Cases, Consolidated Complaint and Notice of Hearing is attached hereto, marked Exhibit E, and made a part hereof.

7. On October 25, 2006, a hearing on the consolidated cases opened before Administrative Law Judge Michael A. Marcionese. The hearing before Administrative Law Judge Marcionese was heard over eight days between October 25, 2006 and January 10, 2007, when the hearing closed.

8. On September 17, 2007, Administrative Law Judge Marcionese issued a decision finding that Respondent violated Section 8(a)(1) and (3) [29 U.S.C. Sec. 158(a)(1) and (3)] of the Act by coercively interrogating employees about their union support and activities; threatening employees with the loss of benefits and plant closure if they selected the Union as their collective bargaining representative; discriminatorily creating and applying job descriptions and a light duty policy in order to prevent employee Lee Mabry from returning to work from workers' compensation leave because of his union activities; and refusing to return employee Lee Mabry to work because of

his union activities. A copy of Administrative Law Judge Marcionese's decision is attached hereto, marked as Exhibit F, and made a part hereof.

9.      Upon the basis of the following, the Petitioner has reasonable cause to believe that the allegations set forth in the Consolidated Complaint are true, and that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 2(6) and (7) [29 U.S.C. Sec. 152(6) and (7)] of the Act, and that injunctive relief as prayed for herein is appropriate, just and proper. More particularly, Petitioner has reasonable cause to believe, and believes, that Respondent has engaged in, and is engaging in, acts and conduct in violation of the Act by interfering with, restraining and coercing its employees in the exercise of their rights guaranteed in Section 7 [29 U.S.C. Section 157] of the Act and by discriminating in regard to the hire or tenure to terms or conditions of employment of its employees to discourage membership in a labor organization in violation of Section 8(a)(1) and (3) [29 U.S.C. Section 158(a)(1) and (3)] of the Act as follows:

    (a)      The Union, a labor organization which maintains its office in Farmington, Connecticut, is an organization in which employees participate and which exists for the purpose of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work, and is a labor organization within the meaning of Section 2(5) [29 U.S.C. Sec. 152(5)] of the Act.

    (b)      At all material times, Respondent, a corporation with an office and place of business in North Haven, Connecticut, herein called its facility, has been engaged in manufacturing frozen dough and other bakery products.

4

(c)     During the 12-month period ending March 31, 2006, Respondent, in conducting its operations described above in sub-paragraph b, purchased and received at its facility goods valued in excess of $50,000 directly from points located outside the State of Connecticut.

(d)     At all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6) and (7) [29 U.S.C. Sec. 152(2), (6) and (7)] of the Act.

e)     At all material times, the Union has been a labor organization within the meaning of Section 2(5) [29 U.S.C. Sec. 152(5)] of the Act.

(f)     At all material times, the following individuals held the positions set forth opposite their respective names, and are supervisors of Respondent within the meaning of Section 2(11) [29 U.S.C. Sec. 152(11)] of the Act, and agents of Respondent within the meaning of Section 2(13) [29 U.S.C. Sec. 152(13)] of the Act:

| | |
|---|---|
| Richard Price | Plant Director |
| Fred Macey | Production Manager/Plant Director |
| Maria Giamo | Human Resources Manager |
| Jennifer Rodriguez | Supervisor |
| Brian Glancy | Vice President of Human Resources |
| Fred Maruir | Manager |

(g)     On or about Janauary 10, 2006, Respondent, by Rodriguez at its facility:

(i)     interrogated employees about their Union activities; and

(ii)    threatened employees with plant closure if they selected the Union as their collective bargaining representative.

5

(h)     In or about mid-January 2006, Respondent, by Rodriguez at its facility, interrogated its employees about their Union activities.

(i)     On or about January 11, 2006, Respondent, by Macey at its facility, threatened employees with loss of benefits if they selected the Union as their collective bargaining representative.

(j)     On or about December 21, 2005, Respondent revealed that it had promulgated a policy in February 2004 entitled "Workers Compensation Policy-Light Duty Program".

(k)     On or about December 21, 2005, Respondent revealed that it had promulgated a job description for the machine operator position in 2005.

(l)     Since on or about December 21, 2005 and April 10, 2006, Respondent has refused to permit its employee Lee Mabry to return to work from workers' compensation leave status.

(m)     Respondent engaged in the conduct described above in paragraphs 9(j), 9(k), and 9(l) because Mabry joined, supported and assisted the Union and engaged in concerted activities, and to discourage employees from engaging in such activities.

(n)     By the conduct described above in paragraphs 9(g)(i) and (ii), 9(h) and 9(i) Respondent has been interfering with, restraining and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) {29 U.S.C. Sec. 158(a)(1)] of the Act.

(o)     By the conduct described above in paragraphs 9(j), 9(k), 9(l) and 9(m), Respondent has been discriminating in regard to the hire or tenure or terms

6

and conditions of employment of its employees, thereby discouraging membership in a labor organization in violation of Section 8(a)(1) and (3) [29 U.S.C. Sec. 158(a)(1) and (3)] of the Act.

10. It may fairly be anticipated that, unless enjoined, Respondent will continue or repeat the acts and conduct set forth in paragraph 9, subparagraphs (g)(i) and (ii), (h), (i), (j), (k), (l), (m), (n) and (o), or similar or like acts and conduct, in violation of Sections 8(a)(1) and (3) [29 U.S.C. Sec. 158(a)(1) and (3)] of the Act, and unless enjoined, the Respondent effectively will have prevented its employees from exercising their rights under the Act to form, join, or assist the Union and to bargain collectively through the representative of their own choosing, thereby frustrating employees, now and in the future, in the exercise of the rights guaranteed to them in Section 7 [29 U.S.C. Sec. 157] of the Act.

11. Upon information and belief, unless the aforesaid unfair labor practices are immediately restrained, a serious flouting of the Act will continue with the result that enforcement of important provisions of the Act and of the public policy underlying the same will be thwarted before the Respondent can be placed under legal restraint through the regular procedures of a Board Order and a Court of Appeals enforcement decree. Unless injunctive relief is immediately obtained, it may be fairly anticipated that Respondent will continue its unlawful conduct during the proceedings before the Board and during any subsequent proceedings before a Court of Appeals, with the predictable result that such acts and conduct will destroy or severely inhibit employees' interest in union representation, and activity toward that end, so that any Board Order or Court of Appeals enforcement decree will be an empty formality when issued and Respondent,

by its unlawful acts and conduct, will have succeeded in frustrating the purposes of the Act.

12.     Upon information and belief, to avoid the serious results referred to above, it is essential, just, proper and appropriate, for the purpose of effectuating the policies of the Act and the public interest, and avoiding substantial, irreparable and immediate injury to such policies and interest, and in accordance with the purposes of Section 10(j) [29 U.S.C. 160(j)] of the Act, that, pending final disposition of the matters involved pending before the Board, the Respondent be enjoined and restrained as prayed herein.

**WHEREFORE**, Petitioner prays:

1.     That the Court issue an order directing Respondent to appear before this Court, at a time and place fixed by the Court, and show cause, if any there be, why an injunction should not issue enjoining and restraining Respondent, its successors and assigns, its officers, representatives, agents, servants, employees, attorneys, and all members and persons acting in concert or participation with it or them, pending the final disposition of the matters involved herein pending before the Board, from:

   (a)     coercively interrogating any employee about their union support or union activities;

   (b)     threatening employees with the loss of their benefits and plant closure if they select a union to represent them in collective bargaining;

  (c) denying reinstatement to, and otherwise discriminating against, any employee for supporting the International Union, United Automobile, Aerospace & Agricultural Implement Workers of America, AFL-CIO, or any other labor organization;

  (e) in any like or related manner interfering with, restraining or coercing employees in the exercise of the rights guaranteed them by Section 7 [29 U.S.C. Sec. 157] of the Act.

2. The Petitioner further prays that upon return of said Order to Show Cause, the Court issue an order requiring Respondent to:

  (a) within five (5) days of the issuance of the Court's Order, offer Lee Mabry full reinstatement to his former job as a machine operator or to a light duty assignment consistent with any medical restrictions imposed by a physician, or, if his former job no longer exists, to a substantially equivalent position, without prejudice to his seniority or any other rights or privileges previously enjoyed;

  (b) rescind the Machine Operator job description and the Workers' Compensation Light Duty Policy that were utilized to deny Lee Mabry reinstatement in December 2005;

  (c) remove from its files any reference to the unlawful denial of reinstatement, and notify Mabry in writing that this has been done and that the December 2005 and April 2006 denial of reinstatement will not be used against him in any way;

(d) hold a meeting or meetings, scheduled to ensure the widest possible attendance, at which the district court's order is to be read to the employees by the current plant director, production manager or corporate vice president for human resources, with translation available for Spanish-speaking employees, and with a Board agent present during the reading;

(e) supply the Union the full names and addresses of current unit employees at the North Haven facility, updated every six months, for a period of two years from the date the Court's Opinion and Order are posted, or until the Board has issued an appropriate certification following a free and fair election, or until the Board has issued its final order in the underlying administrative case, whichever comes first;

(f) provide the Union with notice of, and equal time and facilities to respond to, any address made by Respondent to employees on the question of union representation for a period of two years from the date the Court's Opinion and Order are posted, or until the Board has issued an appropriate certification following a free and fair election, or until the Board has issued its final order in the underlying administrative case, whichever comes first;

(g) upon reasonable advance notice from the Union, afford the Union and its representatives reasonable access to Respondent's bulletin boards and all places where notices to employees are customarily posted at the North Haven facility for a period of two years from the date the Court's Opinion and Order are

posted, or until the Board has issued an appropriate certification following a free and fair election, or until the Board has issued its final order in the underlying administrative case, whichever comes first;

(h)  post copies of the Court's Opinion and Order, together with Spanish translations prepared at Respondent's expense, to be approved by the Regional Director of Region 34 of the Board, at Respondent's North Haven, Connecticut facility at all locations where notices to employees are customarily posted; maintain such postings during the Board's administrative proceeding free from all obstructions and defacements; allow all employees free and unrestricted access to said postings; and grant agents of the Board reasonable access to Respondent's facility to monitor compliance with this posting requirement; and

(i)  within twenty (20) days of the issuance of this Order, file with the district court, and submit a copy to the Regional Director of Region 34 of the Board, a sworn affidavit from a responsible Respondent official, stating with specificity the manner in which Respondent has complied with the court's decree, including the exact locations where Respondent has posted the required documents.

3.  That upon return of said Order to Show Cause the Court issue an order enjoining and restraining the Respondent and requiring the Respondent to act in the manner set forth above.

4.      That the Court grant such further and other relief as may be just and proper.

Dated at Hartford, Connecticut this 3rd day of January, 2008.

*[signature]*
Peter B. Hoffman, Regional Director
National Labor Relations Board
Region 34
280 Trumbull Street, 21st Floor
Hartford, CT  06103


Ronald Meisburg, General Counsel
Barry J. Kearney, Associate General Counsel
Jonathan B. Kreisberg, Regional Attorney, Region 34
Jennifer F. Dease, Field Attorney, Region 34

*[signature]*
National Labor Relations Board
Region 34
280 Trumbull Street, 21st Floor
Hartford, CT  06103
Telephone: (860) 240-3376
Federal Bar No. phv0081