FORM EXEMPT UNDER 44 U.S.C. 3512

| INTERNET FORM NLRB-501 (11-84) | UNITED STATES OF AMERICA NATIONAL LABOR RELATIONS BOARD CHARGE AGAINST EMPLOYER | DO NOT WRITE IN THIS SPACE |  |
|---|---|---|---|
|  |  | Case: 34-CA-11385 | Date Filed 1/9/06 |

**INSTRUCTIONS:**
File an original and 4 copies of this charge with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer | | b. Number of Workers Employed |
|---|---|---|
| Chef Solutions, Inc. d/b/a Pennant Foods, subsidiary of Questor, Inc. | | about 175 |

| c. Address (street, city, State, ZIP, Code) | d. Employer Representative | e. Telephone No. |
|---|---|---|
| 1000 Universal Drive North Haven, CT 06473 | Gary Glaser, Seyfarth & Shaw | Fax No. |

| f. Type of Establishment (factory, mine, wholesaler, etc.) | g. Identify Principal Product or Service |
|---|---|
| Bakery | Bread Dough |

h. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of Section 8(a), subsections (1) and (list subsections) (3) of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices.)

Since on or about December 21, 2005, the above-named Employer has refused to reinstate Lee Mabry to active employment after he received a medical release to return to work, because Lee Mabry has been an open and outspoken advocate for and supporter of the Union.

By the above and other acts, the above-named employer has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the Act.

3. Full name of party filing charge (if labor organization, give full name, including local name and number)

International Union, United Automobile & Aerospace Implement Workers of America

| 4a. Address (street and number, city, State, and ZIP Code) | 4b. Telephone No. (860) 674-0143 |
|---|---|
| 111 South Road Farmington, CT 06032 | Fax No. |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)

International Union, United Automobile & Aerospace Implement Workers of America

### 6. DECLARATION

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

By /s/ Thomas W. Meiklejohn
(Signature of representative or person making charge)
Thomas W. Meiklejohn

Address 557 Prospect Avenue, Hartford, CT 06105

Attorney
(Title if any)
Fax No. (860) 232-7818
(860) 233-9821    1/9/06
(Telephone No.)    Date

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

cc:bd

EXHIBIT A

| INTERNET FORM NLRB-501 (11-94) | UNITED STATES OF AMERICA NATIONAL LABOR RELATIONS BOARD CHARGE AGAINST EMPLOYER | FORM EXEMPT UNDER 44 U.S.C. 3512 |
|---|---|---|
| | | DO NOT WRITE IN THIS SPACE |
| | | Case: 34-CA-11417 | Date Filed: 2/3/06 |

**INSTRUCTIONS:**
File an original and 4 copies of this charge with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer | b. Number of Workers Employed |
|---|---|
| Pennant Foods Company, a wholly owned susidiary of CS Bakery Holdings, Inc. a wholly owned subsidiary of Chef Solutions Holdings, LLC., a Questor Company | about 175 |

| c. Address (street, city, State, ZIP, Code) | d. Employer Representative | e. Telephone No. (203) 234-0115 |
|---|---|---|
| 1000 Universal Drive North Haven, CT 06473 | Gary Glaser, Seyfarth & Shaw | Fax No. |

| f. Type of Establishment (factory, mine, wholesaler, etc.) | g. Identify Principal Product or Service |
|---|---|
| Bakery | Bread Dough |

h. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of Section 8(a), subsections (1) and (list subsections) (3) and (5) of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices.)

Since on or about January 2, 2006, the above-named Employer, by its officers, agents and representatives, has restrained and coerced employees in the exercise of their right to form and join a union by issuing a written statement that it insists that employees vote against the Union, by threatening employees with loss of benefits, plant closure, termination and other retaliation if the Union won the election, by threatening to retaliate against employees' families if they supported the Union, by announcing improved wages and benefits and granting benefits to discourage employees from supporting the Union, by interrogating employees about their Union activity, and by engaging in surveillance of employees' Union activities, and by harassing employees to deter them from giving evidence to the NLRB.

On or about January 6, 2006, the Employer constructively discharged Juan Barragon because he joined and supported the Union and in order to discourage employees from joining and supporting the Union.

On or about January 27, 2006, the above-named Employer suspended Mary Sorota because she joined and supported the Union and in order to discourage employees from joining and supporting the Union.

Since on or about December 21, 2005, the above-named Employer has failed and refused to recognize and bargain collectively with the Union, after the Union had been designated as the majority representative of its production and maintenance employees as their collective bargaining representative.

Because of the Employer widespread and pervasive unfair labor practices, the Union's majority status and the selection of the Union by the employees can best be determined based upon the Union's card majority.

By the above and other acts, the above-named employer has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the Act.

3. Full name of party filing charge (if labor organization, give full name, including local name and number)
United Auto Workers International Union

| 4a. Address (street and number, city, State, and ZIP Code) | 4b. Telephone No. (860) 674-0143 |
|---|---|
| 111 South Road Farmington, CT 06032 | Fax No. |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)
United Auto Workers International Union

### 6. DECLARATION
I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

By [Signature] (Signature of representative or person making charge) Thomas W. Meiklejohn

Address: 557 Prospect Avenue, Hartford, CT 06103

Attorney (Title, if any)

Fax No. 860-232-7818
(860) 233-9821 (Telephone No.)
2/2/06 (Date)

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

cc: Bd

EXHIBIT B

| INTERNET FORM NLRB-501 (11-94) | UNITED STATES OF AMERICA NATIONAL LABOR RELATIONS BOARD | FORM EXEMPT UNDER 44 U.S.C. 3512 |
|---|---|---|
| AMENDED | CHARGE AGAINST EMPLOYER | DO NOT WRITE IN THIS SPACE |
| | | Case: 34-CA-11417   Date Filed: March 28, 2006 |

**INSTRUCTIONS:**
File an original and 4 copies of this charge with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

**a. Name of Employer:** Pennant Foods Company, a wholly owned susidiary of CS Bakery Holdings, Inc. a wholly owned subsidiary of Chef Solutions Holdings, LLC., a Questor Company

**b. Number of Workers Employed:** about 175

**c. Address (street, city, State, ZIP, Code):** 1000 Universal Drive, North Haven, CT 06473

**d. Employer Representative:** Gary Glaser, Seyfarth & Shaw

**e. Telephone No.:** (203) 234-0115

**Fax No.:**

**f. Type of Establishment (factory, mine, wholesaler, etc.):** Bakery

**g. Identify Principal Product or Service:** Bread Dough

**h.** The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of Section 8(a), subsections (1) and (list subsections) (3) and (5) of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act.

**2. Basis of the Charge** (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices.)

Since on or about January 2, 2006, the above-named Employer, by its officers, agents and representatives, has restrained and coerced employees in the exercise of their right to form and join a union by issuing a written statement that it insists that employees vote against the Union, by threatening employees with loss of benefits, plant closure, termination and other retaliation if the Union won the election, by threatening to retaliate against employees' families if they supported the Union, by announcing improved wages and benefits and granting benefits to discourage employees from supporting the Union, by interrogating employees about their Union activity, and by engaging in surveillance of employees' Union activities, and by harassing employees to deter them from giving evidence to the NLRB.

On or about January 6, 2006, the Employer constructively discharged Juan Barragon because he joined and supported the Union and in order to discourage employees from joining and supporting the Union.

On or about January 27, 2006, the above-named Employer suspended Mary Sorota because she joined and supported the Union and in order to discourage employees from joining and supporting the Union.

Since on or about December 21, 2005, the above-named Employer has failed and refused to recognize and bargain collectively with the Union, after the Union had been designated as the majority representative of its production and maintenance employees as their collective bargaining representative.

Because of the Employer widespread and pervasive unfair labor practices, the Union's majority status and the selection of the Union by the employees can best be determined based upon the Union's card majority.

On or about February 7, 2006, the above-named Employer engaged in surveillance of leafletting and other activities at its facility.

By the above and other acts, the above-named employer has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the Act.

**3. Full name of party filing charge** (if labor organization, give full name, including local name and number)
United Auto Workers International Union

**4a. Address** (street and number, city, State, and ZIP Code)
111 South Road
Farmington, CT 06032

**4b. Telephone No.:** (860) 674-0143

**Fax No.:**

**5. Full name of national or international labor organization of which it is an affiliate or constituent unit** (to be filled in when charge is filed by a labor organization)
United Auto Workers International Union

### 6. DECLARATION

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

By: _(signature)_ (Margaret Shorey)
Signature of representative or person making charge

**Title:** International Representative

**Address:** Margaret Shorey, 111 South Rd. Farmington, Ct 06032

860/674-0143
Fax 860/674-1164

**Date:** March 28, 2006

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

cc:bd

EXHIBIT C

| INTERNET FORM NLRB-501 (11-84) | UNITED STATES OF AMERICA NATIONAL LABOR RELATIONS BOARD | FORM EXEMPT UNDER 44 U.S.C. 3512 |
|---|---|---|
| SECOND AMENDED | CHARGE AGAINST EMPLOYER | DO NOT WRITE IN THIS SPACE |
| | | Case: 34-CA-11417  Date Filed: 4/28/06 |

INSTRUCTIONS:
File an original and 4 copies of this charge with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

a. Name of Employer: Pennant Foods Company, a wholly owned subsidiary of CS Bakery Houldings Inc., a wholly owned subsidiary of Chef Solutions Holdings, LLC, a Questor Company

b. Number of Workers Employed: about 143

c. Address (street, city, State, ZIP Code): 1000 Universal Drive, North Haven, CT 06473

d. Employer Representative: Richard Price, Plant Director

e. Telephone No. (203)234-0115

Fax No. (203)234-7624

f. Type of Establishment (factory, mine, wholesaler, etc.): factory/bakery

g. Identify Principal Product or Service: bread dough

h. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of Section 8(a), subsections (1) and (list subsections) _____ of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices.)

Since on or about January 2, 2006, the above-name Employer, by its officers, agents and representatives, had interfered with, restrained and coerced its employees in the exercise of the right to form and join a union by interrogating employees, threatening them with plant closure, threatening them with loss of their jobs, threatening them with loss of benefits, telling them that the Company "insists" that they vote against representation by a union, and by informing employees that it would be futile for them to select the Union to represent them, and by other acts and conduct.

Because of the Employer's widespread and pervasive unfair labor practices, the Union's majority status and the selection of the Union by the employees can best be determined based upon the Union's card majority

By the above and other acts, the above-named employer has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the Act.

3. Full name of party filing charge (if labor organization, give full name, including local name and number)

International Union, United Automobile, Aerospace & Agricultural Implement Workers of America, AFL-CIO

4a. Address (street and number, city, State, and ZIP Code): 111 South Rd., Farmington, CT. 06032

4b. Telephone No. (860)674-0143

Fax No. (860)232-7818

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)

### 6. DECLARATION

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

By _____ (Signature of representative or person making charge)

Its attorney (Title, if any)

Address: 557 Prospect Ave., Hartford, CT. 06103

Fax No. (860)232-7818
(860)233-9821
(Telephone No.)

Date: 4/27/06

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

cc: Bd

EXHIBIT D

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 34

| | |
|---|---|
| PENNANT FOODS CO., A WHOLLY-OWNED SUBSIDIARY OF CS BAKERY HOLDINGS, INC., A WHOLLY-OWNED SUBSIDIARY OF CHEF SOLUTIONS HOLDINGS, LLC, A QUESTOR COMPANY<br><br>and<br><br>INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, AFL-CIO | Case Nos.   34-CA-11385<br>34-CA-11417 |

## ORDER CONSOLIDATING CASES, CONSOLIDATED COMPLAINT AND NOTICE OF HEARING

International Union, United Automobile, Aerospace & Agricultural Implement Workers of America, AFL-CIO, herein called the Union, has charged in Case Nos. 34-CA-11385 and 34-CA-11417 that Pennant Foods Co., a wholly-owned subsidiary of CS Bakery Holdings, Inc., a wholly-owned subsidiary of Chef Solutions Holdings, LLC, a Questor Company, and herein called Respondent, has been engaging in unfair labor practices as set forth in the National Labor Relations Act, 29 U.S.C. Section 151, et seq., herein called the Act. Based thereon, and in order to avoid unnecessary costs or delay, the General Counsel, by the undersigned, pursuant to Section 102.33 of the Rules and Regulations of the National Labor Relations Board, herein called the Board, ORDERS that these cases be consolidated.

These cases having been consolidated, the General Counsel, by the undersigned, pursuant to Section 10(b) of the Act, and Section 102.15 of the Rules and Regulations of the Board, issues this Order Consolidating Cases, Consolidated Complaint and Notice of Hearing and alleges as follows:

1(a)   The charge in Case No. 34-CA-11385 was filed by the Union on January 9, 2006, and a copy was served by facsimile transmission and regular mail on Respondent on January 11, 2006.

(b) The charge in Case No. 34-CA-11417 was filed by the Union on February 3, 2006, and a copy was served by facsimile transmission and regular mail on Respondent on February 6, 2006.

(c) The amended charge in Case No. 34-CA-11417 was filed by the Union on March 28, 2006, and a copy was served by facsimile transmission and regular mail on Respondent on March 30, 2006.

(d) The second amended charge in Case No. 34-CA-11417 was filed by the Union on April 28, 2006, and is being served on Respondent concurrently with this Order Consolidating Cases, Consolidated Complaint and Notice of Hearing.

2. At all material times, Respondent, a corporation with an office and place of business located at 1000 Universal Drive, North Haven, Connecticut, herein called its facility, has been engaged in manufacturing frozen dough and other bakery products.

3. During the 12-month period ending March 31, 2006, Respondent, in conducting its operations described above in paragraph 2, purchased and received at its facility goods valued in excess of $50,000 directly from points located outside the State of Connecticut.

4. At all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6) and (7) of the Act.

5. At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act.

6. At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act and agents of Respondent within the meaning of Section 2(13) of the Act:

| | |
|---|---|
| Richard Price | Plant Director |
| Fred Macey | Production Manager |
| Maria Giamo | Human Resources Manager |
| Jennifer Rodriguez | Supervisor |
| Brian Glancy | Vice President of Human Resources |
| Fred Maruri | Manager |

7. On or about January 10, 2006, Respondent, by Rodriguez at its facility:

(a) interrogated employees about their Union activities;

(b) threatened employees with loss of employment if they selected the Union as their collective-bargaining representative; and

-2-

(c)	threatened to close its facility if its employees selected the Union as their collective-bargaining representative.

8.	In or about mid-January 2006, Respondent, by Rodriguez at its facility, interrogated its employees about their Union activities.

9.	On or about January 10, 2006, Respondent, by Price at its facility, threatened employees with loss of employment if they selected the Union as their collective-bargaining representative.

10.	On or about January 11, 2006, Respondent, by Macey at its facility, threatened employees with loss of benefits if they selected the Union as their collective-bargaining representative.

11.	In or about January 2006, Respondent, by Glancey at its facility, informed employees that it would be futile to select the Union as their collective-bargaining representative.

12.	On or about December 21, 2005, Respondent revealed that it had promulgated a policy in February 2004 entitled "*Workers Compensation Policy-Light Duty Program*".

13.	On or about December 21, 2005, Respondent revealed that it had promulgated a job description for the machine operator position in 2005.

14.	Since on or about December 21, 2005, and April 10, 2006, Respondent has refused to permit its employee Lee Mabry to return to work from workers compensation leave status.

15.	Respondent engaged in the conduct described above in paragraphs 12, 13, and 14 because Mabry joined, supported and assisted the Union and engaged in concerted activities, and to discourage employees from engaging in such activities.

16.	By the conduct described above in paragraphs 7, 8, 9, 10 and 11, Respondent has been interfering with, restraining, and coercing its employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act.

17.	By the conduct described above in paragraphs 12, 13, 14, and 15, Respondent has been discriminating in regard to the hire or tenure or terms and conditions of employment of its employees, thereby discouraging membership in a labor organization in violation of Section 8(a)(1) and (3) of the Act.

18. The unfair labor practices of Respondent described above affect commerce within the meaning of the Section 2(6) and (7) of the Act.

## ANSWER REQUIREMENT

Respondent is notified that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, it must file an answer to the consolidated complaint. The answer must be received by this office on or before **May 12, 2006**. Respondent should file an original and four copies of the answer with this office and serve a copy of the answer on each of the other parties. The answer may <u>not</u> be filed by facsimile transmission. If no answer is filed, the Board may find, pursuant to a Motion for Summary Judgment, that the allegations in the consolidated complaint are true.

## NOTICE OF HEARING

PLEASE TAKE NOTICE THAT on **August 7, 2006**, at 10:00 a.m., at 280 Trumbull Street, 21st Floor, Hartford, Connecticut, and on consecutive days thereafter until concluded, a hearing will be conducted before an Administrative Law Judge of the National Labor Relations Board. At the hearing, Respondent and any other party to this proceeding have the right to appear and present testimony regarding the allegations in this consolidated complaint. The procedures to be followed at the hearing are described in the attached Form NLRB-4668. The procedure to request a postponement of the hearing is described in the attached Form NLRB-4338.

Dated at Hartford, Connecticut this 28th day of April, 2006.

_____
Peter B. Hoffman, Regional Director
National Labor Relations Board
Region 34

Attachments